STOKER, Judge.
MOTION TO DISMISS
Plaintiff-appellee, The Money Shack, Inc., moves to dismiss the devolutive appeal of the defendant-appellant, Beatrice Martin, on the grounds that it was not timely perfected.
In October of 1984 plaintiff filed a petition for executory process directing the Sheriff of the Parish of Rapides to seize, and in due course, to sell the property mortgaged by defendant in order to satisfy a debt due the plaintiff. On March 13, 1985, defendant filed a petition for injunc-tive relief, and obtained a temporary restraining order enjoining the scheduled sale of her property. On March 25, 1985, a hearing was held on the defendant’s petition for injunctive relief. After the matter was argued and submitted; oral judgment was rendered dismissing the petition for injunction at Martin’s costs. A formal judgment was signed on March 26, 1985.
There is nothing in the record to show that any of the parties requested notice of judgment under LSA-C.C.P. Art. 1913. On May 24, 1985, the defendant filed a motion and order for appeal. The plaintiff argues that the appeal should be dismissed as untimely.
La.C.C.P. article 3612 provides as follows:
There shall be no appeal from an order relating to a temporary restraining order.
An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
*1310 An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III. (Our emphasis).
Since this matter was not taken under advisement, nor did the parties • require written notice of judgment, the time for taking an appeal commenced to run on March 26, 1985. LSA-C.C.P. Art. 1911 and 1913. The appellant’s appeal was obviously taken more than fifteen (15) days after March 26, 1985, and must under LSA-C. C.P. Art. 3612 quoted above be declared untimely and dismissed. The appeal is hereby dismissed at appellant's cost.
APPEAL DISMISSED.