502 So.2d 1130 (1987)
Vincent C. VISO
v.
Marc FAVIE, et al.
No. CA-2933.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1987.
Writ Denied March 13, 1987.
Frank A. Silvestri, New Orleans, for appellant.
Paul J. Mirabile, Middleberg & Riddle, Metairie, for appellee.
Before REDMANN, C.J., and BYRNES and WARD, JJ.
*1131 WARD, Judge.
This is an appeal from a judgment in favor of Marc Favie which nullified a default judgment rendered against him. Vincent Viso has appealed, alleging the Trial Court erred by denying exceptions of res judicata and no cause of action, and a motion for summary judgment. We affirm.
Vincent Viso sued Marc Favie alleging Favie "guaranteed" payment of the rent for furniture and equipment which Viso had leased to Rodney's Oilfield Contractors. Although Favie employed counsel to represent him, neither pleadings nor an answer was filed; and on August 30, 1982 Viso obtained a default judgment against Favie for $17,923.74. On September 1, 1982 a copy of the default judgment and a "Notice of Signing of Judgment" were sent to Favie's counsel. Two weeks later, Favie's counsel filed a "Motion for Nullity of Judgment and Motion for a New Trial" which the Trial Judge denied. The record does not contain either written or oral reasons for the ruling; only "10/1/82 dismissed" and the Judge's signature appear on the Motion in the record.
On October 13, 1982 Favie secured an order for a suspensive appeal of the default judgment, and on that same day, he filed a "Petition for Nullity of Judgment". Favie's appeal was dismissed, however, for failure to pay costs.
In response to Favie's Petition for Nullity of Judgment Viso filed Exceptions of Res Judicata and No Cause of Action, and a Motion for Summary Judgment. The Trial Judge denied the exceptions and the motion for summary judgment. Viso then filed an exception of lack of subject matter jurisdiction which was not ruled on by the Court. After trial on the merits of Favie's nullity petition, the Trial Judge annuled the default judgment. Viso's argument in this appeal focuses on the Trial Court's denial of his exceptions and its failure to rule on his exception to subject matter jurisdiction. He does not assign as error the merits of the judgment nullifying the default judgment.
As to the exceptions of res judicata, no cause of action, and the motion for summary judgment, we consider them as one because they are based on the same premiseres judicata. We do not believe the Trial Court erred when it denied these exceptions because the record simply will not support a finding of res judicata based upon the denial of the "Motion for Nullity of Judgment and Motion for a New Trial". The Trial Judge gave no reasons for the denial, nor can we determine from the record the basis for the ruling on the consolidated motions. We can only speculate: the Trial Court may have concluded a nullity suit must be brought by separate petition; or the Trial Court may have denied the consolidated motions because the motion for a new trial was not timely filed; or the Trial Court may have found the motions lacked merit. In any event, without reasons for the ruling, we cannot say the Trial Judge decided the merits of the issue of nullity when the motion was dismissed. Unless the Trial Court addressed and ruled on this issue an exception of res judicata could not be successfully urged.
Moreover, Civil Code of Procedure Article 2004 and the jurisprudence interpreting that article contemplate a separate action on a suit to annul a judgment obtained by fraud or ill practice. Pontchartrain Park Homes, Inc. v. Sewerage and Water Board of New Orleans, 246 La. 893, 168 So.2d 595 (1964); Webb v. Polk Chevrolet, Inc., 415 So.2d 402 (La.App. 1st Cir. 1982). To raise the issue of nullity under Article 2004 by a proceeding such as a motion for a new trial is objectionable in view of the Code of Procedure and case law, which lends support to the speculation that the Trial Court may have denied the Motion because a direct petition was the correct procedural vehicle.
We turn now to Viso's argument that the Trial Court lacked subject matter jurisdiction to hear the Nullity Petition. Viso argues that because the August 30, 1982 judgment was appealed, the Trial Court was divested of jurisdiction to hear the Nullity Petition in view of La.C.C.P. *1132 art. 2088 which provides that a Trial Court is divested of jurisdiction in a case when an appeal is timely perfected. We disagree. Code of Civil Procedure Article 2005 allows a nullity action while an appeal is pending.
For the above reasons, the judgment of the Trial Court is affirmed. All costs of appeal to be paid by Vincent Viso.
AFFIRMED.