GUIDRY, Judge.
Beatrice Martin appeals from a judgment dismissing her suit seeking annulment of a judicial sale had by executory process. Plaintiff’s suit was dismissed on an. exception of no cause of action filed by the mortgagee, The Money Shack, Inc. (Money Shack). The judgment appealed from also directed that a writ of possession be issued in favor of Money Shack, placing it in physical possession of the property purchased at the judicial sale.
A chronology of the events leading up to the instant appeal is necessary for an understanding of the issues presented. On October 18, 1984, Money Shack filed a petition for executory process seeking the seizure and sale of certain mortgaged property of Beatrice Martin, located in Acadian *577 Village Subdivision in Alexandria. On March 12, 1985, prior to the date of the scheduled sale, Martin filed a petition entitled “Petition For Injunctive Relief, Affirmative Defense, Equity, Reconventional Demand and Summary Judgment”, wherein she sought, among other relief, to enjoin the scheduled sheriff’s sale. A temporary restraining order was issued the following day. On March 25, 1985, a hearing was held on Martin’s application for a preliminary injunction. Following the hearing, the trial judge rendered judgment in favor of Money Shack, dismissing the petition for injunction. Martin thereafter made application to this court for supervisory relief and a stay order. By order dated May 13, 1985 (our docket No. 85-476), Martin’s writ application was denied as untimely.
On May 15, 1985, the subject property was sold at public auction to Money Shack for the sum of $20,129.83. On the same day, May 15, 1985, the Sheriff executed a signed return or proces verbal to the Clerk of Court for Rapides Parish reflecting compliance with and stating the manner in which the writ of seizure and sale was executed. This return or proces verbal appears typed on the reverse side of the original writ of seizure and sale. On May 24,1985, Martin secured an order of appeal to this court. Martin’s appeal was dismissed by this court on February 14, 1986 (our docket No. 85-749). The Louisiana Supreme Court subsequently denied Martin’s application for a writ of certiorari on March 24, 1986 (docket No. 86-C-0511).[1]
In the meantime, on June 6, 1985, Martin filed a petition styled “Petition to Annul Judgment, By Supplement to the. Reconven-tional Demand”, wherein she sought to have the order of executory process, the sheriff’s sale of her property, and the resulting judgment in the case declared nullities for alleged fraud and ill practices on the part of Money Shack.
On April 9, 1986, Martin filed another pleading styled “Amended Reconventional Demand and Possessorty [sic] Act”, seeking to have the sale of May 15, 1985 declared null and set aside by reason of Money’s Shack’s alleged failure to comply with the formalities and procedure for obtaining an order of executory process, specifically that the act of mortgage executed by Martin was not an authentic act. Additionally, in reconvention, Martin instituted a posses-sory action, alleging that the invalid exec-utory proceedings and recordation of the judicial sale unlawfully disturbed her possession of the subject property which she had enjoyed quietly and without interruption for more than 30 years prior to the filing of her demand. Money Shack responded to these demands by filing an exception of no cause of action on the basis of La.R.S. 13:4112, and presumably because a former owner who has been divested of ownership and possession of property by judicial sale has no cause of action to be maintained in possession under La.C.C.P. art. 3655 adverse to the adjudicatee at judicial sale. Money Shack also filed a motion for a writ of possession, pursuant to La. R.S. 13:4346, seeking an order directing the Sheriff of Rapides Parish to place it in physical possession of the property which it purchased on May 15, 1985. Martin thereupon filed a declinatory exception of lis pendens, a dilatory exception as to Money Shack’s capacity to bring suit, and a peremptory exception of no cause of action.
Following two separate hearings on the various pleadings filed in this matter, judgment was rendered on May 6, 1986. The trial court maintained Money Shack’s exception of no cause of action and dismissed Martin’s reconventional demands. The trial court also denied the various exceptions filed by Martin and directed that a writ of possession issue in favor of Money Shack, pursuant to La.R.S. 13:4346, placing it in possession of the disputed property. This judgment was signed on May 12, 1986. Martin thereafter made application for supervisory relief to this court which was denied on May 29, 1986 (our docket No. 86-501). This appeal followed.
*578 The sole issue presented for our consideration is couched in appellant’s brief as follows: “Whether a petition for nullity filed on June 6, 1985, attacking a sheriff’s sale which was conducted on May 15, 1985, and recorded on June 11, 1985, is subject to dismissal pursuant to the provisions of R.S. 13:4112?”
La.R.S. 13:4112 provides in pertinent part as follows:
“No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the proces verbal of the sale or filed the sale for recordation in the conveyance records of the parish.”
Martin asserts that since her first supplemental and amended reconventional demand was filed on June 6, 1985 (the original reconventional demand having been filed on March 12, 1985), and the sheriff’s sale was not recorded in the conveyance records of Rapides Parish until June 11, 1985, her action of nullity was timely.
La.R.S. 13:4112 prohibits an attack upon the validity of a judicial sale by executory process on objections to form or procedure or by reason of the lack of authentic evidence after recordation of the sheriff’s sale or proces verbal. Brown v. Everding, 357 So.2d 1243 (La.App. 2d Cir.1978); Guillory v. Fontenot, 413 So.2d 328 (La.App. 3rd Cir.1982). Appellee, Money Shack, urges that the sheriff’s proces verbal was filed on May 15,1985, prior to the filing of Martin’s amended reconventional demand, and therefore such action was untimely.
In Makofsky v. Cunningham, 576 F.2d 1223 (5th Cir.1978), a proces verbal was defined as a formal statement of facts attested by or before a public officer such as a notary. The term could also be used to refer to minutes of an official proceeding or act. In Black’s Law Dictionary, 5th Edition, p. 1085 (1979), proces verbal is defined as follows:
“In French law, a true relation in writing in due form of law, of what has been done and said verbally in the presence of a public officer, and what he himself does upon the occasion. It is a species of inquisition of office, and must be signed by the officer.”
We conclude that the proces verbal referred to in La.R.S. 13:4112 is the return on the writ of seizure and sale which the Sheriff is required to make pursuant to the provisions of La.C.C.P. art. 2343.[2] The record indicates that the return after the sale of May 15, 1985 was executed by the Sheriff of Rapides Parish and filed with the Clerk of Court on that same date. Therefore, Martin’s demand to annul the sale was not timely filed pursuant to La.R.S. 13:4112. Regardless, Martin’s suit fails for yet another reason. When Martin’s first amended reconventional demand was filed on June 6, 1985, this matter was pending on appeal and therefore, the jurisdiction of the trial court was divested. La. C.C.P. art. 2088.[3] Although Martin filed a subsequent amended reconventional demand after the appeal was dismissed, it came long after the recordation of the sale in the conveyance records of Rapides Parish. The trial court therefore properly found that Martin’s suit to annul the sale of May 15, 1985 was untimely.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. See The Money Shack, Inc. v. Martin, 483 So.2d 1309 (La.App. 3rd Cir.1986), writ denied, 485 So.2d 55 (La.1986).

. La.C.C.P. art. 2343 provides as follows:
"The sheriff shall make a signed return to the clerk who issued the writ, showing that all formalities have been complied with and stating the manner in which the writ was executed, a description of the property sold, the name of the purchaser, the purchase price, and the disposition thereof."

. An order of appeal in this case was signed on May 24, 1985.