|1STEWART, Judge.
The Berrys, appeal the trial court’s judgment sustaining defendants’' exceptions of lack of jurisdiction and dismissing plaintiffs’ amended petition. This appeal raises a very narrow issue and does not require this court to readdress the issues presented by Berry v. Insurance Co. of North America, 28,580 (La.App. 2nd Cir. 10/30/96), 688 So.2d 310, rehearing denied 12/5/96, writ denied, 97-0091 (La.3/7/97), 689 So.2d 1374. For the following reasons, we affirm.
FACTS
On October 13, 1995, the trial court rendered judgment on an exception of no cause of action, filed by defendants, Hinton Well Services and Ins. Co. of North America (INA), and dismissed the original petition. While the appeal of that previous judgment case was pending, the Berrys filed, on November 12, 1996, an amended petition in the district court adding four defendants, Leroy Crisp, Judith Talmon, CIGNA and Intracorp. For this court’s decision on appeal, see Berry v. Insurance Co. of North America, 28,580 (La.App. 2nd Cir. 10/30/96), 683 So.2d 310, rehearing denied 12/5/96, writ denied, 97-0091 (La.3/7/97), 689 So.2d 1374. CIGNA and Intracorp filed exceptions to jurisdiction, asserting that the trial court had been divested of jurisdiction by the appeal of this matter and that, therefore, the trial court lacked jurisdiction to allow the filing of the amended complaint. The trial court, without oral or written reasons, sustained the exceptions and dismissed the amended petition.
DISCUSSION
The Berrys assign as error the trial court’s dismissal of the amended complaint. The Berrys contend that the trial court was divested of jurisdiction over only issues reviewable on appeal and that the trial court retained jurisdiction to allow filing of the amended petition pursuant to La. C.C.P. art. 2088, ^particularly Comment C which states that the “trial court is divested of jurisdiction over the case ... only with respect to those matters which are reviewable on appeal.” The Berrys cite numerous cases in support of their position, including Viso v. Favie, 502 So.2d 1130 (La.App. 4th Cir.1987).
However, defendants distinguish the instant case from those cases cited by plaintiffs, which involve multiple original parties where judgments affecting less than all defendants were appealed. In this case, the original complaint named only Hinton and INA as defendants. The trial court sustained the exception of no cause of action and dismissed the petition against both Hinton and INA Upon appeal of the judgment dismissing the original petition, no issues or defendants were retained by the trial court.
Defendants cite Money Shack, Inc. v. Martin, 512 So.2d 576 (La.App. 3rd Cir.1987), writ denied, 519 So.2d 113 (La.1988), in support of their position. In that case, the court of appeal determined that the trial court was divested of jurisdiction to entertain a first amended reconventional demand while the original reconventional demand was pending on appeal. Defendants further assert that La. C.C.P. art.2088 does not provide for retention of jurisdiction by the trial court to allow amendment of the original petition to add four defendants when all claims against all defendants named in the original complaint were dismissed by prior judgment.
We find Money Shack, Inc. v. Martin, supra, most analogous to the instant case. *813 Money Shack filed a petition for executory process against Martin on October 18, 1984. In response, Martin filed a “Petition for In-junctive Relief, Affirmative Defense, Equity, Reconventional Demand and Summary Judgment” on March 12,1985. Following hearing on March 25, 1985, the trial court rendered | ^judgment in favor of Money Shack and dismissed Martin’s petition for injunction. On May 24, 1985, Martin secured an appeal which was later dismissed by the appellate court on February 14, 1986. While the appeal was pending, Martin filed a “Petition to Annul Judgment, by Supplement to the Re-conventional Demand” on June 6, 1985. On April 6,1986, Martin filed an amended recon-ventional demand. Judgment was rendered on the various pleadings filed in the case on May 6,1986 and was signed on May 12,1986. Martin then appealed. The appellate court held that Martin’s suit failed, in addition to being untimely pursuant to La. R.S. 13:4112, because the jurisdiction of the trial court was divested of jurisdiction by the pending appeal when Martin filed the first amended recon-ventional demand on June 6,1985.
In Berry v. Insurance Co. of North America, 28,580 (La.App. 2nd Cir. 10/30/96), 683 So.2d 310, rehearing denied 12/5/96, writ denied, 97-0091 (La.3/7/97), 689 So.2d 1374, the validity of the cause of action against both named defendants, Hinton and INA, was the subject of the appeal. The amended complaint did not allege any new causes of action but, merely, added new defendants. When the amended petition was filed, nothing was retained by the trial court to amend. The trial court was divested of jurisdiction by the pending appeal.
Therefore, we conclude that the trial court did not err in sustaining defendants exceptions of lack of jurisdiction and dismissing the amended petition. MOTION TO REMAND
The Berrys have also filed a motion to remand this case to the trial court for taking of evidence related to the cause of death of Michael Berry. Because we previously found that the trial court did not err in sustaining the exceptions and dismissing the amended complaint, that motion is now moot.
| CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court at appellants’ cost.
AFFIRMED.