836 So.2d 136 (2002)
Aaron MILES and Carrie Miles, on Behalf of Velma Miles and Baby Miles (Deceased)
v.
OUR LADY OF THE LAKE REGIONAL MEDICAL CENTER and an Unknown Emergency Room Treating Physician at Our Lady of the Lake Regional Medical Center.
No. 2001 CA 2272.
Court of Appeal of Louisiana, First Circuit.
October 2, 2002.
Robert E. Randolph, Baton Rouge, for PlaintiffsAppellants Aaron Miles and Carrie Miles, on behalf of Velma Miles and Baby Miles (Deceased).
Douglas K. Williams, Luis A. Leitzelar, Baton Rouge, for DefendantAppellee Our Lady of the Lake Regional Medical Center.
Before: FOIL, FOGG, and KLINE,[1] JJ.
FOGG, J.
The issue raised on appeal in this medical malpractice action brought by parents on behalf of their adult daughter is whether the trial court erred in dismissing the *137 lawsuit upon a finding that the parents lacked procedural capacity. For the following reasons, we affirm.
On August 18, 1998, Velma Miles, a forty-two-year-old woman with a history of mental illness, arrived at the emergency room of Our Lady of the Lake Regional Medical Center complaining of non-specific pain. At her parents' request, she was admitted to the psychiatric unit of the hospital for observation. The following morning, hospital personnel discovered that Ms. Miles had given birth to a baby. The baby died a few days later. Subsequently, Ms. Miles was discharged from the hospital and, allegedly, has not been seen or heard from since.
On August 17, 1999, Ms. Miles' father, Aaron Miles, and her stepmother, Carrie Miles, filed a Request for Review of Medical Malpractice Claim with the Louisiana Patient's Compensation Fund Oversight Board (PCF). Our Lady of the Lake responded by filing an exception of lack of procedural capacity in the Nineteenth Judicial District Court.[2] By judgment of February 16, 2000, the trial court sustained the exception of lack of procedural capacity, but allowed the plaintiffs fifteen days within which to cure the procedural defect relating to their capacity.
Pursuant to LSA-C.C. arts. 47-53, Aaron and Carrie Miles petitioned the Eighteenth Judicial District Court, Parish of Iberville, for appointment as curator and undercuratrix, of Velma Miles, who they claimed to be an absentee. On that date, a trial judge signed an order appointing Aaron Miles as curator and Carrie Miles as undercuratrix for Velma Miles.
On March 29, 2000, Our Lady of the Lake filed a motion to dismiss, alleging that the judgment of the Eighteenth Judicial District Court was null; therefore, the plaintiffs had failed to comply with the court's order granting them leave of court to cure their lack of procedural capacity. Subsequently, the trial court rendered judgment dismissing the plaintiffs' claims before the PCF. In its oral reasons for judgment, the court found that the judgment of the Eighteenth Judicial District Court was null and void. The plaintiffs appeal, contending initially that the trial court erred in allowing Our Lady of the Lake to collaterally attack the order of curatorship rendered by the Eighteenth Judicial District Court.
In obtaining the order of curatorship, Aaron and Carrie Miles proceeded under LSA-R.S. 13:3421, which provides the requirements for a petition for appointment of a curator for an absent person as follows:
A. A petition for the appointment of a curator for an absent person, as provided in Civil Code Article 47, shall be filed in the district court of the parish where the absent person was domiciled at the time his absence commenced.
B. If the absent person was not domiciled in this state at the time his absence commenced, the petition may be filed in the district court of any parish where:
(1) Immovable property of the absent person is situated; or
(2) Movable property of the absent person is situated, if he owned no immovable property in the state at the time of his absence.
C. The venue provided in this Section may not be waived.
Clearly, the venue requirement established by LSA-R.S. 13:3421 is nonwaivable. *138 The comments to LSA-R.S. 13:3421 state, in pertinent part, that venue provided by this section is comparable to that of LSA-C.C.P. art. 2811, which has been held to be jurisdictional. In Succession of McElwee, 276 So.2d 391, 392 (La.App. 2 Cir.1973), the court stated:

LSA-Code of Civil Procedure Article 2811 provides that "A proceeding to open a succession shall be brought in the district court of the parish where the deceased was domiciled at the time of his death." LSA-Code of Civil Procedure Article 44 provides that "The venue provided in Articles ... 2811 ... may not be waived." Thus, in succession proceedings venue is jurisdictional.
Therefore, in moving for dismissal of the plaintiffs' action, Our Lady of the Lake alleged nullity due to a lack of jurisdiction of the Eighteenth Judicial District Court when it rendered the order of curatorship. LSA-C.C.P. art.2002 provides that a final judgment may be annulled by a collateral attack on the judgment if it is rendered: (1) against an incompetent who is not represented as required by law; (2) against a defendant who has not been properly served or against whom a default judgment has not been properly entered; or (3) by a court that does not have jurisdiction over the subject matter of the suit. When a judgment is absolutely null based on a jurisdictional ground, it has no legal existence, and its nullity may be shown in collateral proceedings at any time and before any court. Tannehill v. Tannehill, 226 So.2d 185 (La.App. 3 Cir.1969), writ refused, 254 La. 930, 228 So.2d 485 (1969), appeal after remand, 247 So.2d 870 (La. App. 3 Cir.), writ granted, 259 La. 74, 249 So.2d 208 (1971), affirmed, 261 La. 933, 261 So.2d 619 (1972). Therefore, Our Lady of the Lake's attack on the order of the Eighteenth Judicial District Court, questioning the jurisdiction of that court, was properly raised collaterally.
The appellants further assert that the trial court erred in finding that the curatorship proceedings in Iberville Parish did not establish their procedural capacity. LSA-R.S. 13:3421 provides that a petition for curatorship of the purported absentee shall be filed in the parish where the absent person was domiciled at the time her absence commenced or, if the absent person was not domiciled in the state at the time her absence commenced, in the parish where she owned property. The legislation further provides that this venue requirement cannot be waived.
The appellants admit that they have not seen or heard from Ms. Miles since the day she was released from Our Lady of the Lake; accordingly, Ms. Miles' absence commenced on that date. To invoke the jurisdiction of the Eighteenth Judicial District Court, the appellants had to show that, at the time her absence commenced, Ms. Miles was either domiciled in Iberville Parish under LSA-R.S. 13:3421A or domiciled outside the State of Louisiana under LSA-R.S. 13:3421B. The appellants made no allegation as to Ms. Miles' domicile in their petition and placed no evidence in the record to support a conclusion that she was domiciled either in Iberville Parish or outside the State of Louisiana at the time her absence commenced. Rather, the only evidence in the record of Ms. Miles' domicile at the time her absence commenced is contained in the admission forms completed when she was admitted to Our Lady of the Lake which show her address as a post office box in East Baton Rouge Parish.
Therefore, the record before the Eighteenth Judicial District Court was insufficient to comply with the requirements of LSA-R.S. 13:3423A or B. The Eighteenth Judicial District Court lacked subject matter *139 jurisdiction over the curatorship proceeding, and the order of curatorship upon which the appellants rely is an absolute nullity. The trial court correctly dismissed the Miles' claim for failing to comply with its order to cure the procedural defects relating to their capacity in this matter.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the appellants, Aaron and Carrie Miles.
AFFIRMED.
NOTES
[1] Retired Judge William F. Kline, Jr. is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Other exceptions were also filed by Our Lady of the Lake; however, they are not at issue in this appeal.