CARAWAY, J.
 

 11 Following a default judgment, defendant moved for a new trial on the ground that its failure to answer the suit resulted from communications with plaintiffs’ counsel. The parties had exchanged communications in an effort to settle the matter after the filing of the petition. Ruling on the motion for new trial, the trial court found it procedurally improper as an attempt to annul the judgment for an “ill practice” under Article 2004 of the Code of Civil Procedure. The court determined that the plaintiffs could only raise their claims to set aside the judgment through the separate action of nullity. Defendant appealed the trial court’s ruling, and for the following reasons, we reverse and remand the matter for a hearing on the motion for new trial.
 

 Facts
 

 An unsettled dispute between landowner, Dorothy B. Pollock (“Pollock”), and Talco Midstream Assets, Ltd. (“Talco”) over a natural gas pipeline precipitated Pollock and her family members to file suit on April 19, 2007. Pollock sought damages for the cost of the removal of the pipeline, restoration of the surface, and other damages arising out of its installation. Upon notice of the suit, Talco’s senior vice-president contacted Pollock’s attorney to re
 
 *1035
 
 quest an extension of time to file an answer and facilitate further negotiations and possibly settlement. In response, Tal-co received written assurances, in the form of two letters, dated May 2, 2007, and May 14, 2007, from Pollock’s counsel, that no default judgment would be taken without first giving Talco a 10-day written notice of such action.
 

 12Months later on October 19, 2007, Pollock’s counsel sent Talco’s senior vice-president a letter advising: “This matter has not been resolved. Please file your answer at this time.” Pollock contends that the October 19 letter was meant to be a termination of the previous extension of time afforded Talco. Conversely, Talco asserts that it believed counsel’s letter to simply be an informal request to orchestrate a resolution, not a notice that Pollock was recommencing the previously instituted suit. Talco asserts that two of its representatives met with Pollock’s counsel following the October 19 letter and that additional proposals were made. These allegations are disputed by Pollock. Talco also sent the following letter to Pollock’s attorney on October 26, 2007, which it deemed an “answer” to the October 19 letter:
 

 We do agree to come back and repair the water line one more time and reissue draft or a check for bonus as agreed between the landowner and Right-Of-Way agent. Please advise if this is acceptable.
 

 On December 3, 2007, Pollock caused a preliminary default to be entered. On September 22, 2008, a default judgment was confirmed. On September 30, 2008, the judgment was rendered against Talco in the amount of $201,900.00, plus interest. On October 9, 2008, notice of judgment was served on Talco.
 

 On October 15, 2008, Talco filed a motion for new trial based on the circumstances under which the default judgment was obtained. Talco argues that it never received the 10-day notice promised by Pollock’s counsel and that the October 19, 2007, letter was insufficient to constitute such notice.
 

 |sOn December 28, 2008, the trial court, without hearing any testimony or reviewing the above mentioned letters, denied Talco’s motion for new trial. The court observed that Talco’s motion facially alleged an “ill practice” on the part of Pollock’s counsel in obtaining the default judgment. Nevertheless, after a thorough review of the jurisprudence regarding annulment of judgments, the trial court reluctantly ruled that such an attack must be made in the separate action of nullity and not through a motion for new trial. The trial court stated:
 

 And I have located that other Fourth Circuit Case, it’s
 
 Gazebo v. City of New Orleans
 
 [97-2769 (La.App. 4th Cir.3/23/98), 710 So.2d 354] by Judge Plotkin with Judges Walser [sic] and Armstrong on the panel, a more recently [sic] 1998 case, and he points out that the Fourth Circuit has come full circle on the issue and while we personally would agree with the Fourth Circuit in the
 
 Gazebo
 
 case, that’s of no moment.
 

 The Louisiana Supreme Court and the Second Circuit have decided differently and we are bound by those cases so the motion for a new trial will be denied on that basis.
 

 Talco has appealed the trial court’s ruling denying the motion for new trial.
 

 Discussion
 

 Talco’s assertion for nullity of the judgment in this case concerns the issue of its notice to proceed for answering the lawsuit, after the immediacy of the initial citation to appear and answer was dissipated by the subsequent communica
 
 *1036
 
 tions and exchanges between the parties. This type of claim for nullity has been recognized in the jurisprudence as falling under the “fraud or ill practices” provision of Article 2004
 
 [1]
 
 of the Code of Civil Procedure | ^hereinafter the “Code”). In
 
 Kem Search, Inc. v. Sheffield,
 
 434 So.2d 1067 (La.1988), our supreme court addressed a similar default judgment situation involving the exchange of communications between the plaintiffs counsel and the defendant before the defendant had answered the suit or otherwise made an appearance in the case. The issue was raised in an action of nullity after the default judgment had become final. The court observed that Article 2004 “is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.”
 
 Id.
 
 at 1070. The court found that the defendant had been deprived of the legal right of notice through the miscommunications of the parties. Even though unintentional acts on the part of plaintiffs counsel had occurred, an “ill practice” concerning the notice to the defendant was recognized, resulting in the annulment of the default judgment.
 

 Here, the substance of Talco’s claim of “ill practice” or lack of notice was never reached by the trial court. Instead, the trial court’s ruling dismissed outright Tal-co’s motion for new trial to address the “ill practice,” finding the motion procedurally improper under the jurisprudence for the assertion of the nullity of the default judgment. The court determined that |flthe asserted grounds for nullity of the judgment must be raised in a separate action. While the trial court’s ruling has support in certain jurisprudential pronouncements
 
 [2]
 
 stemming from an official comment under Article 2004, as reviewed below, the Code itself contains “no specific
 
 *1037
 
 provision” regarding the manner for asserting the grounds for nullity set forth in Articles 2001,
 
 et seq.
 
 Official Comment (d), La. C.C.P. art. 2004.
 

 The articles pertaining to annulment of judgments are in the chapter of the Code entitled the “Action of Nullity” which lists certain peremptory grounds for nullification under Article 2002
 
 [3]
 
 and a general category for annulment for “fraud or ill practices” under Article 2004. The Code distinguishes between the two categories concerning the time limits for the assertion of nullity. The peremptory grounds can be asserted at any time, Rwhile the annulment of a judgment obtained by fraud or ill practices must be sought within one year of the discovery of the fraud or ill practices. La. C.C.P. arts. 2002 and 2004.
 

 There is no codal directive expressly requiring that the grounds for annulment of a judgment may only be asserted in the separate ordinary action called the action of nullity.
 
 While Articles 2002 and 2004 speak only in terms of bringing “an action to annul,” the jurisprudence recognizes that the peremptory grounds for nullity of a judgment listed in Article 2002(A) may be asserted (i) through the motion for new trial
 
 [4]
 
 or appeal, directly in the same action in which the flawed judgment was rendered,
 
 State, Dep’t of Social Services, Office of Family Support v. Pickins,
 
 42,721 (La.App. 2d Cir.12/5/07), 972 So.2d 1225;
 
 Rando v. Rando,
 
 31,366 (La.App. 2d Cir.12/9/98), 722 So.2d 1165, (ii) collaterally or indirectly, in another action,
 
 Miles v. Our Lady of the Lake Regional Medical Center,
 
 01-2272 (La.App. 1st Cir.10/2/02), 836 So.2d 136;
 
 Taylor v. Hixson Autoplex of Alexandria, Inc.,
 
 00-1096 (La.App. 3d Cir.3/28/01), 781 So.2d 1282;
 
 Key v. Jones,
 
 181 So. 631 (La.App. 2d Cir.1938), or (iii) in the separate action of nullity allowed by Articles 2001,
 
 et seq.
 
 Thus, for example, since the peremptory ground of the lack of service of citation may be asserted against a judgment at any time and in any stage of a proceeding, the judgment against the defendant in a default judgment setting can undoubtedly be assailed in a motion for new trial to set aside the default judgment for lack of citation.
 

 17The allowance for the assertion of nullity of a judgment for “fraud or ill practices” under Article 2004 is different. The official comment (d) to Article 2004 discusses attempts to assert a fraud or ill practice for nullification of a judgment in a collateral action, as follows:
 

 No specific provision has been made regarding the manner of asserting the grounds of nullity in the above article. This was thought unnecessary in view of the established jurisprudence to the effect that such grounds must be asserted in a direct action and cannot be raised collaterally.
 
 Bruno v. Oviatt,
 
 48 La. Ann. 471, 19 So. 464 (1896);
 
 Caldwell v. Caldwell,
 
 164 La. 458, 114 So. 96 (1927).
 

 
 *1038
 
 The cases cited in the comment involved attacks on the integrity of judgments in subsequent actions in which the prior judgments were asserted. This is the common understanding of a collateral attack on a judgment, in that it occurs in an action other than the action in which the judgment was rendered.
 
 Salles v. Salles,
 
 04-1449 (La.App. 1st Cir.12/2/05), 928 So.2d 1;
 
 Reeves v. Reeves,
 
 209 So.2d 554 (La.App. 2d Cir.1968);
 
 Black’s Law Dictionary
 
 278 (8th ed.2004). Thus, the Fourth Circuit Court of Appeal was correct in its observation concerning the above comment to Article 2004, as noted in
 
 Zatzkis v. Zatzkis,
 
 632 So.2d 307, 316 n. 5, (La.App. 4th Cir.1993),
 
 writs denied,
 
 94-0157 (La.6/24/94), 640 So.2d 1340 and 94-0993 (La.6/24/94), 640 So.2d 1341:
 

 The limitation envisioned by LSA-C.C.P. art. 2004 Comment (d) was one which prevents the nullity from being asserted in a totally unrelated proceeding, i.e., a collateral proceeding — not a prohibition against raising it in the very same proceeding in which it was rendered, which is arguably the best place to raise it.
 

 Of further significance, the Code itself envisions in the provisions regarding the motion for new trial that a specific “fraud” on the court may 18be proven through such motion so that the judgment just rendered in a jury action may be set aside. Article 1972 provides, in pertinent part, as follows:
 

 A new trial shall be granted, upon contradictory motion of any party, in the following cases:
 

 [[Image here]]
 

 (3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
 

 La. C.C.P. art. 1972(3).
 

 Indeed, the best explanation to avoid any misconstruction of the disputed official comment of the redactors is by consideration of the entire framework of the Code. Before a judgment becomes final within the action in which it has arisen, all procedures to reverse, as opposed to nullify, that judgment remain viable to the parties and are not withdrawn by the Code’s inclusion of the separate chapter for the action of nullity. In that sense, it is arguably a misnomer to say that a trial court “nullifies” its judgment by granting a motion for new trial. The judgment was never final; it is held in abeyance pending further action through the new trial procedure; and then it is reconsidered and decided anew by the trial court. Likewise, if the record on appeal of a case reveals on its face a flaw which would otherwise support the “action of nullity,” the appellate court simply reverses the judgment that never became final preventing altogether the need for annulment through the “action of nullity” addressed in Articles 2001,
 
 et seq.
 
 With the chapter of the Code at issue before us dealing only with the “Action of Nullity,” that action has no application during the pendency of any case before the resolution of that case through rendition of a final judgment. Before the finality of a judgment, the parties may utilize all other modes of procedure |9which the Code affords for an action, including the motion for new trial and appeal, to assert the flaws in the judgment and seek its modification or reversal.
 

 Finally, we additionally find that judicial economy and the possibility of irreparable harm to the defendant require that the alleged grounds for nullification be considered through a motion for new trial. Assuming a judgment is tainted by fraud, or even by an unintentional act depriving the defendant of notice as alleged in this case, that judgment may well become exigible during the pendency of the ordinary delays
 
 *1039
 
 for the action of nullity, leading to judicial action for the same claim in multiple settings and to the seizure of defendant’s assets for satisfaction of the tainted judgment. If the defendant is alerted to the problem in time to file a motion for new trial and present the evidence of the “fraud or ill practice,” judicial economy is realized and potential harm averted.
 

 Conclusion
 

 For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for consideration of appellant’s motion for new trial. Costs of appeal are assessed equally to the parties.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . La. C.C.P. art. 2004. Annulment for vices of substance; peremption of action.
 

 A. A final judgment obtained by fraud or ill practices may be annulled.
 

 B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
 

 C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.
 

 [2]
 

 . The trial court's ruling referred to statements made in various cases including
 
 Viso v. Favie,
 
 502 So.2d 1130 (La.App. 4th Cir.1987),
 
 writ denied,
 
 503 So.2d 465 (La.1987);
 
 State v. Minniefield,
 
 467 So.2d 1198 (La.App. 2d Cir.1985);
 
 and Nethken v. Nethken,
 
 307 So.2d 563 (La.1975). For example, in
 
 Viso,
 
 the court stated "[t]o raise the issue of nullity under Article 2004 by a proceeding such as a motion for a new trial is objectionable in view of the Code of Procedure and case law.” Those statements in the cited jurisprudence concerning this disputed procedural issue represent dicta, however, because none of those cases involved the dismissal on procedural grounds of a motion for new trial to set aside a judgment not yet final and just rendered in the action. Our research does not reveal any ruling in the jurisprudence denying the use of a motion for new trial to assert a ground for nullity in the judgment. To the contrary, this court reversed the trial court’s substantive ruling which denied a motion for new trial after a default judgment in
 
 Campbell v. Select Car Co.,
 
 38,443 (La.App. 2d Cir.5/12/04), 874 So.2d 391. In that case, the trial court heard evidence on the motion for new trial concerning the alleged miscommunications between the parties before the filing of defendant’s answer in city court. Neither party asserted a procedural impropriety with the motion for new trial. The motion for new trial asserting the nullification of the default judgment was denied by the trial court, but ultimately reversed by this court on the basis of an "ill practice” which denied defendant the proper notice to defend. See also,
 
 Cashback, Inc. v. Herring,
 
 27,805 (La.App. 2d Cir.2/28/96), 669 So.2d 693.
 

 [3]
 

 . La. C.C.P. art. 2002. Annulment for vices of form; time for action.
 

 A. A final judgment shall be annulled if it is rendered;
 

 (1) Against an incompetent person not represented as required by law.
 

 (2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
 

 (3) By a court which does not have jurisdiction over the subject matter of the suit.
 

 B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.
 

 [4]
 

 . Again, our research does not reveal any decision contesting the use of a motion for new trial to assert one of the peremptory grounds under Article 2002(A) to set aside the judgment which was just rendered in the case.