ANN RUTH BAEHR

VERSUS

STACI LYN MANGERCHINE AND RAYLAN
KAINE MELANCON

NO. 22-C-366

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

August 17, 2022

Susan Buchholz
First Deputy Clerk

IN RE ANN RUTH BAEHR

_____

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE COMMISSIONER PATRICIA M. JOYCE, NUMBER 811-196

_____

Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and June B. Darensburg

## WRIT GRANTED IN PART; JUDGMENTS STAYED; APPLICATION TRANSFERRED TO JUVENILE COURT

The instant application, which pertains to rulings on child custody made by a district court, asserts that the proper venue for this matter remains in juvenile court, which rendered the last custody order. The application presents a myriad of procedural and factual questions that we cannot resolve on the face of the petition, as filed. However, the application also contains several allegations about a child's future care which, if true, are cause for concern.  Expedited consideration has been requested, given the gravity of the rulings.

The relator, who is the child's great aunt, had previously been granted provisional custody by the Jefferson Parish Juvenile Court on December 14, 2020, with the mother's consent. That judgment, which is included in the writ application, provides in relevant part that the order would remain in effect "pending further orders." While a juvenile court can exercise continuing jurisdiction in custody matters as per La. Ch. C. art. 309, in order to do so the case must meet certain criteria.

Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. C.C.P. art. 1. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties; a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3. On the showing made, we cannot determine whether the instant case falls under the juvenile court's

exclusive purview which, if established, would mean that all of the district court rulings complained of may be moot.

We are mindful that pleadings must be reasonably construed so as to afford litigants their day in court, to arrive at the truth and to avoid a miscarriage of justice. *Pennebaker v. Jefferson Par.*, 383 So.2d 484, 486 (La. Ct. App. 1980), citing *Hero Lands Company v. Texaco, Inc.*, 310 So.2d 93 (La. 1975). An appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164. Pursuant to La. Code Civ. P. art. 2164, courts of appeal have the power to remand a case for the introduction of additional evidence if grave injustice might result from failure to do so. *Cottonport Bank v. Garrett*, 012-0688 (La. App. 1st Cir. 12/21/12), 111 So.3d 431, 436, *writ denied*, 13-0165 (La. 3/1/13), 108 So.3d 1182. Such a remand is warranted only when the new evidence is likely to affect the outcome of the case. *Id.* Whether a particular case is remanded is a matter over which the court has much discretion and is governed by the particular facts and circumstances of each case. *Id.*

In this case, we find that a remand to ensure that the proper venue for the issues raised is a benefit to all concerned parties, and also serves the interest of judicial efficiency. Accordingly, all district court rulings in this matter are temporarily stayed, pending further orders of this Court. We transfer this application to the Jefferson Parish Juvenile Court, Division "A," for a determination within 72 hours of this disposition on the issue of whether it has exclusive continuing jurisdiction over this matter pursuant to any of the grounds provided by La. Ch. C. art. 309. The writ application will then be supplemented by the relator with the juvenile court's ruling by Monday, August 22, 2022 at noon for this court's consideration.

Gretna, Louisiana, this 17th day of August, 2022.

**JJM**
**JBD**

2

ANN RUTH BAEHR

VERSUS

STACI LYN MANGERCHINE AND RAYLAN
KAINE MELANCON

NO. 22-C-366

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**JOHNSON, J., CONCURS WITH REASONS**

I agree that the Juvenile Court is best equipped to determine whether it can exercise its exclusive jurisdiction of this matter pursuant to La. Ch. C. art. 309. *See Medus v. Medus*, 379 So.2d 21 (La. App. 4th Cir. 1979), *writ denied,* 381 So.2d 1235 (La. 1980). But, on its face, the December 14, 2020 judgment granting the voluntary transfer of custody of the minor child to Relator does not specifically reserve the rights of the child's absentee parents pursuant to La. Ch. C. art. 1517. Therefore, I find Respondent's pending action to annul the judgment pursuant to La. C.C.P. art. 2004 in the district court is also supported by jurisprudence. *See Pollock v. Talco Midstream Assets, Ltd.*, 44,629 (La. App. 2 Cir. 9/23/09), 22 So.3d 1033, 1037–38. However, Respondent could also pursue his nullity action in the Juvenile Court. *Id.* Thus, I find the December 7, 2020 judgment null and void and, unless Relator or the Juvenile Court is able to supplement the record with additional evidence to support the Juvenile Court's exercise of exclusive jurisdiction over this matter pursuant to La. Ch. C. art. 309 within three days of this disposition, I would deny the writ.

**MEJ**

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

.

FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/17/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-C-366**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Patricia M. Joyce (DISTRICT JUDGE)
Laura J. Todaro (Relator)
Nicole R. Dillon (Respondent)

### MAILED

Johnnie Lee Theall  (Respondent)
In Proper Person
500 North Jackson Street
Kaplan, LA 70548

Stacy Mangerchine  (Respondent)
In Proper Person
5272 Eudora Drive
Addis, LA 70710

April F. Jackson (Respondent)
Attorney at Law
Post Office Box 3001
Baton Rouge, LA 70821

8/17/22

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

April F. Jackson
Attorney at Law
Post Office Box 3001
Baton Rouge, LA 70821
22-C-366                    08-17-22

|||||||||||||||||||||||||||||||||||||||||||||||
9590 9402 2434 6249 3649 39

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6953

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____   ☐ Agent
                         ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
Brock Crain                         8/19/22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

8/17/22

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Johnnie Lee Theall , In Proper Person
500 North Jackson Street
Kaplan, LA 70548
22-C-366                  08-17-22

9590 9402 2434 6249 3649 08

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6977

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

Johnnie Theall

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt