DOMENGEAUX, Judge.
Plaintiff-appellee, Harriet J. Danel, instituted this law suit against her former employer, defendant-appellant, KNEK, a domestic corporation, seeking judgment for unpaid wages in the sum of $989.85, interest on said amount, penalties and attorney’s fees. In due course there was judgment by default for $3,150.00 in penalties and $1,000.00 in attorney’s fees, with judicial interest from the date of judicial demand, and the judgment confirming this default was rendered and signed in open court on March 27, 1984.
Within the judicial delay of seven days required by Louisiana Code of Civil Procedure Article 1974, the defendant filed a motion seeking to have a new trial and/or the judgment set aside. After an eviden-tiary hearing the district judge overruled the defendant’s motion[1] and the defendant has appealed.
A review of the record in this case and the appellant’s brief convinces us that the major crux of this appeal is based upon defenses which should have been raised at a trial on the merits. The appeal does not. raise as an issue any question of the plaintiff’s failure to prove a prima facie case.
At the outset we point out that the district judge correctly denied the appellant’s motion for new trial and/or nullification of judgment. The jurisprudence is replete with cases which hold that when one seeks to have a default judgment against him set aside, or following the default judgment a new trial, he must allege and prove that he had good reasons for his non-appearance and for his failure to appear and timely plead. Furthermore, should the district judge deny the defendant’s motions the appellate court may not disturb the ruling unless the defendant has shown to the trial judge a good excuse for his failure to appear and defend the suit. See DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951); Succession of Rock v. Allstate Life Insurance Co., 340 So.2d 1325 (La.1976), and Lamb v. Lamb, 416 So.2d 243 (La. App.3rd Cir.1982). This rule of law applies whether the motion for new trial or the motion to set aside the default judgment was based upon a defendant’s meritorious defense or the plaintiff’s fraud or ill practices in securing judgment. See DeFrances v. Gauthier, supra, and Steele v. Ruiz, 202 So.2d 376 (La.App. 4th Cir.1967).
Here, the defendant is a Louisiana corporation. Service of process was made upon Mrs. Dee Sylvester, a member of the Board of Directors, an Officer, and the Acting Manager of KNEK. She testified that she knew that she had fifteen days within which to respond to the plaintiff’s petition but failed to do so because “the workload [at the radio station] was so heavy because we were working so short-staffed within that February month, I did not pay as close attention to it as I should have ...” We do not feel that inattention to citation is a valid reason for appellant’s nonappearance and we therefore hold that the district judge correctly denied the defendant’s motion.
*284 The appellant further contends that the award granted by the district court was improper because the court awarded penalties and attorney’s fees under La.R.S. 23:631 and 632 but did not make an award of the principal demand.
La.R.S. 23:631 provides in pertinent part:
“Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation.”
La.R.S. 23:632 provides that penalties and attorney’s fees may be assessed against an employer who does not comply with the provisions of La.R.S. 23:631.
In his written reasons for judgment, the district judge found that:
“Plaintiff’s duties consisted of selling broadcasting advertisement. On termination of her employment on September 19, 1983, she was owed wages by her employer which remained unpaid despite amicable demand. Thus, having failed to pay its employee within the time specified by LSA R.S. 23:631, the defendant became liable to the plaintiff under LSA R.S. 23:632, for 90 days wages at her daily rate of pay and for reasonable attorney’s fees which I fix at $1000.”
Having determined that the defendant failed to pay the plaintiff within the time specified by La.R.S. 23:631, it was within the district judge’s discretion to award penalties and attorney's fees. The statute does not require an award for the principal demand of past due wages before the penalty award can be granted, it simply requires that the employer fail to pay the wages within the three day time limit.
The appellant also asserts that the plaintiff was not entitled to an award of penalties in this suit for damages because they did not act arbitrarily in failing to pay because there was a bona fide dispute as to the wages due. This argument lacks merit because of the procedural posture in which this ease arrived before the trial court. This case came before the district court as a default. The defendant did not appear before the court to argue any defenses or mitigating circumstances for not having paid the past due wages. The district judge could not assume that the defendant had not paid the wages because of a good faith dispute over the amount of wages due and owing.
We will however modify the district judge’s award which granted interest on the penalties and attorney’s fees.
La.C.C.P. Art. 1921 provides: “The court shall award interest in the judgment as prayed for or as provided by law.” Under this codal article, “interest may be awarded only if prayed for or if provided by statute”. Byrd v. Guilbeaux, 442 So.2d 887 (La.App. 3rd Cir.1983). In the present case, La.R.S. 23:632 does not provide for statutory interest. Furthermore plaintiff’s petition prays for the amount of wages she alleged was due her, plus interest on that amount, plus penalties and attorney’s fees. The prayer does not request interest on the penalties and attorney’s fees, therefore based upon La.C.C.P. Art. 1921, an award of interest on the penalties and attorney’s fees was improper.
For the above and foregoing reasons the judgment of the district court insofar as it awarded interest on the penalties and attorney’s fees is reversed; the judgment of the district court is affirmed in all other respects at the appellant’s costs.
AFFIRMED IN PART, REVERSED IN PART.
KING, J., dissents and assigns written reasons.

. The district judge did however reduce the amount of attorney’s fees awarded to $600.00.