1SULLIVAN, Judge.
Pursuant to an application for writ of certiorari filed by Farm Bureau Mutual Insurance Company (Farm Bureau), the supreme court remanded this matter for briefing and a full opinion. For the following reasons, we reverse the trial court’s grant of a new trial.

Facts

In June 1990, a cow owned by Jack Paul got onto Highway 165 in Allen Parish and was struck by two automobiles, resulting in damages to the automobiles and injuries to one of the drivers. Mr. Paul had a Farmer’s Comprehensive Personal Liability (FCPL) policy and a homeowner’s policy with Farm Bureau. When he received a letter concerning the accident from an attorney representing one of the drivers, he went to Farm Bureau to report the claim. After beginning an investigation, Farm Bureau determined that, because premiums on the FCPL policy had not been paid, it had lapsed and did not provide coverage to Mr. Paul for the accident. After being notified of this, Mr. Paul retained counsel to represent him in the litigation. Coverage under the homeowner’s policy was not addressed at that time. On March 20, 1997, after a trial on the merits, a judgment in excess of $200,000.00 was entered against him.
On February 17, 1998, Mr. Paul filed a third party demand against Farm Bureau, alleging that it had issued policies of insur- *1072 anee to him which provided coverage for his alleged acts of negligence and the damages awarded against him. He sought indemnity for the $200,000.00 judgment and penalties, damages, and attorney fees for Farm Bureau’s failure to provide him with a defense. In September 2000, the matter was tried before a jury; the issues presented for determination were the coverage provided by the homeowner’s policy and Farm Bureau’s obligation under | ¡.the policy to provide Mr. Paul with a defense in the original litigation. The jury found that the homeowner’s policy excluded coverage for the cow involved in the accident and that Farm Bureau did not have a duty to provide a defense to Mr. Paul in that litigation.
Mr. Paul filed a motion for judgment notwithstanding the verdict, or in the alternative, new trial. The basis for the motion for new trial was differences between a “certified” copy of the declaration page of the homeowner’s policy produced by Farm Bureau in September 1997 to Mr. Paul’s attorney prior to this litigation and another copy of the declaration page. The “certified” copy of the declaration page was introduced into evidence during the trial on the third party demand. A copy of the declaration page, which appears to have been computer-generated versus a photo-copy, had been introduced during the original litigation on October 23, 1996. Mr. Paul produced a copy of the declaration page at his deposition in March 1999.
In opposition to Mr. Paul’s motion, Farm Bureau explained that the “certified” copy of the declaration page was not a “true, correct” copy of the original declaration page, but had been reconstructed from its computer records of Mr. Paul’s policies. It further explained that at the time of Mr. Paul’s request for the “certified” copy, which was made approximately seven years after the policy expired, it did not have an original hard copy of the homeowner’s policy.
The trial court denied the motion for judgment notwithstanding the verdict, but granted the motion for new trial, stating:
The Court finds that Farm Bureau presented documents to the Court which it contended were certified copies of the original declarations page, when in fact they were not. Even though third party plaintiff should have been aware that the certified copies of the declarations page were not true and correct, and even though the differences in the two declarations pages are minor, the Court is of the 13opinion that there is a strong public policy against certifying documents as true and correct when in fact they are not.

Discussion

Mr. Paul asserts that he is entitled to a new trial under La.Code Civ.P. art.1973 which provides: “A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.”
In Davis v. Wal-Mart Stores, Inc., 00-445, pp. 10-11 (La.11/28/00); 774 So.2d 84, 93-94, the supreme court discussed at length a trial court’s grant of a new trial under La.Civ.Code P. art.1972 or art.1973, explaining:
Whether to grant a new trial requires a discretionary balancing of many factors. Gibson v. Bossier City General Hospital, et al., 594 So.2d 1332 (La.App. 2 Cir.1991). Unlike the standard applicable to a motion for JNOV, the trial judge may evaluate evidence without favoring any party and draw his own inferences and conclusions. Perhaps the significant authority is the ability to assess the credibility of witnesses when determining whether to grant or deny the motion for a new trial. Wyatt v. *1073 Red Stick Services, Inc., et al., 97-1345 (La.App. 3 Cir. 4/1/98), 711 So.2d 745 citing Morehead v. Ford Motor[] Co., 29,299 (La.App. 2 Cir. 5/21/97), 694 So.2d 650, writ denied, 97-1865 (La.11/7/97), 703 So.2d 1265. The trial court’s discretion in ruling on a motion for new trial is great, and its decision will not be disturbed on appeal absent an abuse of that discretion. Id. Furthermore, this court has held that “when the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered.” Lamb v. Lamb, 430 So.2d 51 (La.1983).
Although the granting or denying of a motion for new trial rests within the wide discretion of the trial court, the discretion of the court is limited:
The fact that a determination on a motion for new trial involves judicial discretion, however, does not imply that the trial court can freely interfere with any verdict with which it disagrees. The discretionary power to grant a new trial must be exercised with considerable caution, for a successful litigant is entitled to the benefits of a favorable jury verdict. Fact finding is the province of the jury, and the trial court must not overstep its duty in overseeing the administration of justice and unnecessarily usurp the jury’s responsibility. A motion for new trial solely on the basis |4of being contrary to the evidence is directed squarely at the accuracy of the jury’s factual determinations and must be viewed in that light. Thus, the jury’s verdict should not be set aside if it is supportable by any fair interpretation of the evidence. Gibson v. Bossier City General Hospital, et al., supra. See also Engolia v. Attain, 625 So.2d 723 (La.App. 1 Cir.1993). (Emphasis added)
The fact that a determination on a motion for a new trial involves judicial discretion does not imply that the trial court can freely interfere with any verdict with which it disagrees. Wyatt v. Red Stick Services, Inc. et al., supra.
We are faced with the balancing of two very important concepts: the great deference given to the jury in its fact finding role and the great discretion given to the trial court in deciding whether to grant a new trial. The scales are clearly tilted in favor of the survival of the jury’s verdict, but the trial court is left with a breadth of discretion which varies with the facts and events of each case. Gibson v. Bossier City General Hospital, supra.
We have very little guidance from the legislature as to whose province should prevail, the judge or the jury. Clearly there is no statutory or jurisprudential authority nor is there a blanket rule that either judge or jury should prevail over the other. Instead, we are guided by our lower courts who were faced with the responsibility of making such a determination based on the particular facts in the case before it. The decision must be made on a case by case basis.
Mr. Paul does not contend that the jury’s verdict was affected by any of the differences in the copies. His sole argument is that, because Farm Bureau “willfully and deliberately lied” about the certification of the declaration page, there is “serious doubt ... with regard to [its] handling of other documents in this case.”
During the trial on Mr. Paul’s third party demand, Mr. Ed Bourgeois, the district claims manager for Farm Bureau, testified on behalf of Farm Bureau. In 1990, he had investigated the claim against Mr. Paul. Mr. Bourgeois explained that two files would have been prepared on the claim, a file in the field office and one in the state office in Baton Rouge. Counsel *1074 for Mr. Paul discussed documents that were in the files produced at trial and documents that would have originally been in the | ¿file, but were no longer there. Mr. Bourgeois explained that after meeting with Mr. Paul he put together an investigative file, which was forwarded to Baton Rouge; it included a loss notice, a coverage printout, an adjuster’s investigative report, and a recorded statement. When asked why the recorded statement was not in the file produced by Farm Bureau, Mr. Bourgeois testified that Farm Bureau did not transcribe many statements and that he believed the tape may have been recorded over or thrown away after it was determined that Mr. Paul’s FCPL policy had lapsed at the time of the accidents. He explained that the loss notice was maintained because Farm Bureau keeps a record of all claims that are opened with a description of the claim.
We have reviewed the two declaration pages and the differences between them. In our opinion, none of the differences would have affected the jury’s determination. We have not been shown any reason to believe that Farm Bureau’s certification of the erroneous declarations page was anything other than what it claims it was — an error due to reconstructing the page from information in a computer data base — rather than an intent to deceive or mislead. While we agree with Mr. Paul that there is no reason Farm Bureau should not have made this clear when it produced the policy, there is nothing to indicate that the trial was not fair or that the jury’s verdict should be disregarded.
We have also considered Mr. Paul’s argument that Farm Bureau’s actions are questionable because some documents were retained in the field office or state office file, but others were not, in light of Mr. Bourgeois’ explanation that files are purged one year after a claim is closed. Mr. Paul had knowledge of the contents of the declaration page no later than October 23, 1996, when he introduced it as an exhibit in the original litigation. The “certified” copy was produced to him less than one year |filater. From that time forward, he had the ability to compare and locate any differences in the declaration pages before the third party demand was tried in September 2000. Had he done so, he would have discovered the differences and reviewed Farm Bureau’s files in that light, allowing him to determine before trial whether any documents had been wrongfully removed from his claim files, as opposed to routinely purged from them.
The trial court cited Danel v. Knek, 490 So.2d 282 (La.App. 3 Cir.1986), for the proposition that inconsistencies in the evidence is a basis for granting a new trial. Danel is inapplicable to the facts of this case. In Danel, the plaintiff confirmed a default judgment with documents that were “inaccurate, incomplete, and had been altered.” Id. at 287. In support of his motion for a new trial, the defendant presented evidence that directly contradicted the evidence presented at the confirmation hearing. That is not the case here.
Nothing in the record indicates that Farm Bureau’s actions are suspect. While we do not understand why it certified the declaration sheet, there is no indication that the interests of justice would be served by granting Mr. Paul a new trial. Under these circumstances, we conclude that the trial court abused its discretion when it granted Mr. Paul a new trial. Accordingly, the judgment of the trial court is reversed. All costs of the writ applications filed by Farm Bureau Mutual Insurance Company are assessed to Jack Paul.
REVERSED.
*1075 SAUNDERS, J., dissents.
WOODARD, J., dissents and assigns written reasons.