WINDHORST, J.
Appellant, Rick Espadron Lombard, appeals the trial court's December 1, 2017 judgment granting an application for writ of quo warranto regarding the membership in a limited liability company, and the trial court's denial of appellant's motion for new trial. For the reasons stated herein, we reverse the trial court's denial of appellant's motion for new trial and the December 1, 2017 judgment, grant appellant's motion for new trial, and remand for further proceedings.
Procedural History and Facts
On October 13, 2017, appellee, River Street Ventures, LLC, filed an application for writ of quo warranto contending that appellant "is not and has never been a member of River Street Ventures." Appellee requested that a writ of quo warranto be directed to appellant to show by what authority he claimed to be an agent and/or member of River Street Ventures. Appellee further requested the trial court grant judgment in its favor declaring that: (1) appellant does not have any legal right to claim the position of an agent, officer, and/or member of River Street Ventures and prohibit appellant from claiming or exercising any right, power, privilege, or authority of said positions; and (2) Mike Ambrosio, Philip Spiegleman, and Craig Studnicky are the sole managers of River *942 Street Ventures. The quo warranto evidentiary hearing was set for November 30, 2017 (hereafter the "quo warranto hearing").
Appellee filed a motion and order to appoint special process server after the sheriff was unable to serve appellant, which was granted by the trial court. On November 16, 2017, an affidavit of service of process was filed into the record showing that appellant was personally served with the application for writ of quo warranto and the writ of quo warranto on November 8, 2017. Appellant did not file any responsive pleadings or affirmative defenses to the application for writ of quo warranto .
On November 30, 2017, appellant did not appear, and counsel for appellee proceeded with the quo warranto hearing. After considering the testimony and evidence, the trial court granted appellee's application for writ of quo warranto . The judgment was signed December 1, 2017.
Appellant filed a timely motion for new trial contending: (1) he was not served with the order setting the quo warranto hearing date; (2) the hearing date was held in violation of the time delays set by law for a writ of quo warranto ; and (3) the judgment was obtained as a result of ill practices. At the hearing on the motion for new trial (hereafter "new trial hearing"), counsel for appellant conceded that appellant received service of the quo warranto hearing date and that service was not an issue.[1] However, counsel for appellant argued that the judgment was obtained by "ill practice" and should be set aside. Appellant contended that there was a pending writ of mandamus suit in Civil District Court in Orleans Parish filed by appellant against appellee addressing the same issue, i.e. , appellant's status as a member of River Street Ventures. He argued that counsel for appellee had full knowledge of the pending litigation in Orleans Parish as he filed exceptions in the writ of mandamus proceeding, including an exception of improper venue, issued discovery to appellant, and participated in a conference in that court. Counsel for appellant contended that he should have been notified of this proceeding and that counsel for appellee should have informed the court of the pending parallel proceeding in Civil District Court. He further argued that this case is similar to Power Mktg. Direct, Inc. v. Foster, 05-2023 (La. 09/06/06), 938 So.2d 662, wherein the Louisiana Supreme Court found that although there was notice on the defendant, grounds for ill practice under La. C.C.P. art. 2004 existed and the judgment was set aside. Counsel for appellant argued that it would be unconscionable to allow the judgment to stand when he did not have the opportunity to present defenses on behalf of appellant.
The trial court denied appellant's motion for new trial finding appellant was personally served and received actual notice of the quo warranto hearing date, and therefore he was not prevented from appearing at that hearing, nor was he deprived of his legal rights. This appeal followed.
Applicable Law
A writ of quo warranto directs an individual to show by what authority he claims or holds public office, or office in a corporation or limited liability company, or directing a corporation or limited liability company to show by what authority it exercises certain powers. La. C.C.P. art. 3901.
*943 A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law. La. C.C.P. art. 1973.
An allegation that the judgment was obtained by fraud or ill practice in a motion for new trial can constitute good cause for granting a motion for new trial. See Pollock v. Talco Midstream Assets, Ltd., 44,629 (La. App. 2 Cir. 09/23/09), 22 So.3d 1033 ; Campbell v. Select Car Co., 38,443 (La. App. 2 Cir. 05/12/04), 874 So.2d 391, writ denied, 04-1747 (La. 10/15/04), 883 So.2d 1057 ; Verret v. State Farm Mut. Auto. Ins. Co., 99-1250, 99-1251 (La. App. 3 Cir. 02/02/00), 759 So.2d 115, 123-124, writs denied, 00-0690 (La. 04/20/00), 761 So.2d 535, and 00-0673 (La. 04/20/00), 760 So.2d 1159 ; Danel v. Knek, 490 So.2d 282 (La. App. 3 Cir. 1986) ; Perrodin v. Zander, 441 So.2d 12, 17 (La. App. 3 Cir. 1983), writ denied, 444 So.2d 120 (La. 1984).
Discussion
In his first assignment of error, appellant contends that the trial court erred in denying his motion for new trial[2] because the December 1, 2017 judgment was obtained by an "ill practice" based on the failure of appellee to notify appellant's counsel of the quo warranto hearing notwithstanding service on appellant, and therefore, the judgment must be set aside.
Appellant's motion for new trial asserted: (1) appellee's counsel filed this writ of quo warranto on October 13, 2017 and proceeded to hold a hearing on November 30, 2017; (2) at the time this lawsuit was filed, there was a pending lawsuit in Civil District Court in Orleans Parish, wherein appellant filed a writ of mandamus against appellee concerning the same issue, i.e. , appellant's status as a member of River Street Ventures; (3) counsel for appellee in this litigation had full knowledge of the pending matter in Orleans Parish, as he filed exceptions to that petition, including improper venue, issued discovery requests to appellant, and participated in a conference with the trial court to reset that matter; (4) counsel for appellee was aware and had full knowledge that appellant was represented by counsel in Orleans Parish concerning this exact issue and failed to notify appellant's counsel about the quo warranto hearing date in this lawsuit; and (5) counsel for appellee failed to inform the trial court in this lawsuit that there was a pending lawsuit on the same issue in Orleans Parish and that appellant had counsel in that lawsuit. Appellant argued that counsel for appellee's knowledge of the pending parallel action and his failure to disclose this information to the trial court constituted ill practice warranting the judgment to be set aside. Therefore, appellant contended that the trial court had good cause to grant the motion for new trial.
Upon review of the record, under the facts asserted in this case, we find that the allegations as contended in appellant's motion for new trial constituted good cause to grant appellant's motion for new trial. The allegations of fact appellant relies on are documented and supported by persuasive evidence.
Additionally, at the quo warranto evidentiary hearing on the merits of the case, counsel for appellee stated that he was appearing on behalf of River Street Ventures, LLC, and stated that personal service had been made "on Mr. Lombard" by *944 private process server. The transcript further shows the following as the court was ready to proceed with the quo warranto hearing:[3]
THE COURT:
Okay. Let's go ahead and call them.
Let me let your opposing counsel make an appearance.
MR. SCHULZE:
There is no opposing counsel. This is my witness.
THE COURT:
We don't have opposing counsel?
MR. SCHULZE:
Mr. Espadron has not called me. He's not shown up.
Made no appearance.
The witness for River Street Ventures was then sworn and testified.
It is clear that the trial judge was misled to believe that Mr. Lombard was unrepresented, when in fact he was represented by counsel in the pending case in Civil District Court for the Parish of Orleans, in which the same dispute was also being litigated, albeit Mr. Lombard's counsel was not enrolled of record in the 24th J.D.C. case.[4] We therefore conclude that the trial court abused its discretion in denying appellant's motion for new trial.[5]
Accordingly, we reverse the trial court's denial of appellant's motion for new trial and the December 1, 2017 judgment, grant appellant's motion for a new trial, and remand for further proceedings.
In his second assignment of error, appellant contends that the trial court erred in not granting the motion for new trial and striking the December 1, 2017 judgment because service on appellant was insufficient and not timely. Based on appellant's assertion in the trial court that service was not an issue and appellant received service of the quo warranto hearing date, appellant abandoned this argument; therefore, this assignment of error is not properly before this Court. U.R.C.A., Rule 1-3.[6]
In his third assignment of error, appellant contends that the trial court erred in entering judgment that appellant was not a member of River Street Ventures as there was a lack of evidence to support such a finding. Based on our ruling herein, we pretermit this issue.
Conclusion
For the foregoing reasons, we reverse the trial court's denial of appellant's motion for new trial and the December 1, *945 2017 judgment, grant appellant's motion for a new trial, and remand for further proceedings.
REVERSED; REMANDED FOR FURTHER PROCEEDINGS

At the new trial hearing, counsel for appellant stated "I set out the grounds. One was a service issue, which is not really where my argument is going this morning." Subsequently, counsel for appellant conceded that "Rick Lombard got service."

While the denial of a motion for new trial is generally a non-appealable interlocutory judgment, the court may consider interlocutory judgments as part of an unrestricted appeal from a final judgment. Occidental Props. v. Zufle, 14-494 (La. App. 5 Cir. 11/25/14), 165 So.3d 124, 130-131, FN 10, writ denied, 14-2685 (La. 04/10/15), 163 So.3d 809.

The record's Chronological Index indicates that this transcript of the quo warranto hearing was not introduced or available to the trial judge at the new trial hearing, but was first filed into the record later on February 28, 2018, with the motion for this appeal.

We further note that at the quo warranto hearing, counsel for appellee at first referred to appellant as "Mr. Lombard" However, when the trial judge initially assumed appellee's witness to be opposing counsel, and then inquired as to whether appellant (Mr. Lombard) had counsel, appellee's counsel did not answer directly. Instead, he simply stated, "Mr. Espadron has not called me, he's not shown up. Made no appearance," and thereby avoided candidly informing the court that he knew who actually represented Mr. Lombard in this dispute, albeit not of record in this case. Having referred to appellant as Mr. Lombard throughout pleadings, and to him repeatedly as "Lombard" in memoranda, it is unlikely that this sudden reference to him as "Mr. Espadron" was accidental.

Attorneys have a duty of candor to the court under La. St. Bar Ass'n Art. XVI § 3.3, Candor Toward the Tribunal.

In his motion for new trial and his brief with this Court, appellant argued that the quo warranto hearing was not held within the time delays of La. C.C.P. art. 3782. Based on our ruling, we pretermit this issue.