WINDHORST, J.
Appellants, Clipper Construction, LLC ("Clipper Construction") and Joseph S. Tufaro ("Tufaro"), appeal the trial court's (1) May 22, 2017 confirmation of default judgment in favor of appellee, 131 Beverly Knoll, LLC ("131 Beverly Knoll"), and against appellants; and (2) May 21, 2018 judgment denying appellants' motion for new trial. Appellants also filed a peremptory exception of res judicata in this Court. For the reasons that follow, appellants' peremptory exception of res judicata is overruled and the trial court's May 22, 2017 confirmation of default judgment and May 21, 2018 denial of appellants' motion for new trial are affirmed.
Facts and Procedural History
On January 10, 2012, appellee, 131 Beverly Knoll, filed a "Petition for Executory Process and Appointment of Keeper" against Clipper Construction. In its petition, appellee asserted the following: (1) it was the holder and owner of two promissory notes ("notes") executed in 2005 and 2008 by Tufaro on behalf of Clipper Construction ("Borrower") in favor of First Community Bank ("FCB" or "Lender"); (2) the notes were secured by a mortgage executed by Tufaro on behalf of Borrower; (3) the notes were obtained for the sole purpose of building a residential home at 129 Beverly Drive ("Beverly Property");[1] (4) the Beverly Property was used to secure the notes; (5) Troy Duhon purchased the notes and collateral documents from FCB; (6) Duhon assigned the notes and collateral documents to appellee; (7) the notes and mortgage were in default; (8) the current indebtedness due to appellee; (9) notice of default was sent to Borrower; and (10) Borrower failed to remit payment.[2]
*1246 On January 12, 2012, based on the allegations in the petition and attachments thereto, the trial court ordered a writ of seizure and sale of the Beverly Property. On October 3, 2012, the Beverly Property was sold for $ 885,000.00.
On August 25, 2015, appellee filed a "Second Amended and Restated Petition Converting Executory Process Foreclosure to Deficiency Judgment Action," adding Tufaro, individually, as an additional defendant.[3] The second amended petition contended that the price at the foreclosure sale was insufficient to satisfy the indebtedness owed to appellee and requested that the proceeding be converted to an ordinary proceeding to obtain the deficiency amount owed.[4] Appellants were personally served with the second amended petition on February 2, 2016.
On February 24, 2016, appellee filed a motion for preliminary default judgment after appellants failed to appear or file an answer or pleading. On February 14, 2017, the trial court granted the motion for preliminary default judgment.[5]
On May 22, 2017, appellee filed a motion for confirmation of default judgment.[6] On the same day, the trial court granted judgment in favor of appellee and against appellants, in solido , for the principal sum of $ 274,443.53, plus accrued interest thereon through May 18, 2017 in the amount of $ 270,231.92, together with attorney fees in the amount of $ 33,502.50, plus costs and expenses in the amount of $ 1,352.90, plus interest continuing to accrue thereafter on said sums at the rate of 21% per annum, until paid, plus all attorney's fees, costs, and expenses incurred with the collection *1247 and/or enforcement of the judgment.
On May 30, 2017, appellants filed a motion to annul default judgment or alternatively, motion for new trial, alleging (1) the ill practices of appellee's counsel for failing to notify appellants' counsel of its intention to file a motion for preliminary default judgment and to confirm the default judgment, when appellee knew appellants were represented by counsel; and (2) that Tufaro believed that the claims in the second amended petition for deficiency judgment were extinguished by a settlement agreement entered into by the parties in November 2012 ("2012 Settlement Agreement"), one month after the Beverly Property was sold. Appellants filed a consent motion[7] to continue and reset the hearing, which the trial court denied on July 31, 2017, stating "the Motion to Annull [sic ] Default Judgment is Denied Improper Form."[8]
On March 22, 2018, appellants filed an unopposed motion to reset their motion for new trial, arguing that the trial court did not rule on their previously filed motion for new trial. Appellants' motion for new trial was set for hearing.
On May 9, 2018, after argument of counsel and submission of exhibits into evidence, the trial court denied appellants' motion for new trial.[9] The trial court found that (1) appellants were properly served with the petition; (2) appellants failed to appear or file an answer or other pleading; (3) in February 2016, appellee's counsel sent, and appellants received notice of, appellee's intention to file a motion for preliminary default; (4) appellants had over a year to file an answer or other pleading in response to the motion for preliminary default but failed to do so; (5) the motion for preliminary default was granted almost one year after it was filed; (6) the evidence supporting the motion for confirmation of default judgment presented a prima facie case; and (7) the confirmation of default judgment was properly served on appellants. A written judgment denying the appellants' motion for new trial was signed on May 21, 2018. This appeal followed.
Discussion
On appeal, appellants contend that the trial court erred in granting appellee's motion for confirmation of default judgment and denying appellants' motion for new trial. Additionally, appellants filed a peremptory exception of res judicata , for the first time, with this Court. Appellants' peremptory exception may be raised for the first time in the appellate court pursuant *1248 to La. C.C.P. art. 2163, and will be considered herein.[10]
Exception of Res judicata
Appellants contend that on November 6, 2012, one month after the Beverly Property was sold in this proceeding, the parties entered into the 2012 Settlement Agreement, which extinguished any debt owed and remaining by Clipper Construction and/or Tufaro to Duhon concerning the Beverly Property. Appellants assert that the 2012 Settlement Agreement involves the same parties and the same transaction or occurrence, i.e. , the remaining indebtedness owed to appellee concerning the Beverly Property.[11]
La. R.S. 13:4231 provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Thus, a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Chauvin v. Exxon Mobil Corp., 14-0808 (La. 12/09/14), 158 So.3d 761, 765, citing Burguieres v. Pollingue, 02-1385 (La. 02/25/03), 843 So.2d 1049, 1052-1053 ; See also, Chevron U.S.A., Inc. v. State, 07-2469 (La. 09/08/08), 993 So.2d 187, 194.
*1249 Res judicata also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties. Chauvin, 158 So.3d at 765, citing Ortego v. State, Dept. of Transp. and Development, 96 (La. 02/25/97), 689 So.2d 1358, 1363. A party asserting res judicata based on a compromise agreement must have been a party to the compromise, and the authority of the thing adjudged extends only to the matters those parties intended to settle. Chauvin, 158 So.3d at 766, citing Ortego, 689 So.2d at 1363. A compromise instrument is the law between the parties and must be interpreted according to the parties' intent. Id. When the words of a settlement or compromise are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046.
A review of the record reveals that this case and the 2012 Settlement Agreement do not involve the same parties. Appellee, 131 Beverly Knoll, LLC, and appellant, Clipper Construction, LLC, are not parties to and did not sign, the 2012 Settlement Agreement.[12] Additionally, this case does not involve the same transaction or occurrence and/or property as the 2012 Settlement Agreement. This case involves promissory notes and a mortgage originally executed between Clipper Construction and FCB, secured by commercial guaranties executed by Tufaro and the Beverly Property, concerning immovable property in Metairie, which was subsequently transferred to and currently held by appellee. Conversely, the 2012 Settlement Agreement concerned notes originally executed between Clipper Land Holdings, LLC ("Clipper Land") and Mississippi River Bank (MRB), secured by a MRB mortgage and a Duhon mortgage, and secured by commercial guaranties executed by Tufaro and Duhon concerning immovable property owned by Clipper Land in St. Tammany Parish.
Furthermore, the clear and unambiguous terms of the 2012 Settlement Agreement do not specifically extinguish the debt remaining on the Beverly Property as alleged by appellants. The agreement only provides for the potential release of the Duhon mortgage if the immovable property located in St. Tammany Parish is purchased by a third party. Moreover, even if the property was purchased, thereby triggering the release of the Duhon mortgage, a release of the mortgage does not result in the release of the underlying debt. See La. C.C. art. 1891.[13]
Accordingly, appellants' exception of res judicata is overruled.
Assignments of Error: Motion for New Trial and Confirmation of Default Judgment
Appellants contend that the trial court erred in granting the confirmation of default judgment and denying appellants' motion for new trial[14] contending that the confirmation of default judgment should be vacated based on (1) the ill practices of appellee's counsel for failing to notify appellants' counsel of appellee's intention to file a motion for preliminary default judgment and a motion for confirmation of default judgment, when appellee knew appellants *1250 were represented by counsel; and (2) Tufaro's belief that the claims in the second amended petition for deficiency judgment were extinguished by the 2012 Settlement Agreement.
Appellants contend that even if the 2012 Settlement Agreement did not extinguish the remaining debt concerning the Beverly Property, the confirmation of default judgment should be vacated. Appellants argue that appellee's counsel knew that they were represented by counsel and failed to notify their counsel of appellee's intention to file a motion for preliminary default judgment or a motion for confirmation of default judgment. Appellants further assert that: (1) there was a related matter in St. Tammany Parish involving the parties and First NBC Bank, in which appellants were represented; (2) the parties engaged in communication via a ten page letter in May 2017, prior to the filing of the motion for confirmation of default judgment; (3) appellee's counsel knew appellants were represented by counsel in various other related business matters between Tufaro and Duhon and their affiliate companies over the years; and (4) Tufaro believed that the claims in the second amended petition for deficiency judgment concerning the Beverly Property were extinguished by the 2012 Settlement Agreement.
A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law. La. C.C.P. art. 1973. The granting or denying of a motion for new trial is within the discretion of the trial court. Davis. v. Witt, 02- 3102, 02-3110 (La. 07/02/03), 851 So. 2d 1119, 1130. The trial court's determination shall not be disturbed absent an abuse of that discretion. Lambert v. State Through Dep't of Transp. & Dev., 96-160 (La. App. 5 Cir. 10/16/96), 683 So.2d 839, 845.
An allegation that the judgment was obtained by fraud or ill practice in a motion for new trial can constitute good cause for granting a motion for new trial. See Pollock v. Talco Midstream Assets, Ltd., 44,629 (La. App. 2 Cir. 09/23/09), 22 So.3d 1033 ; Campbell v. Select Car Co., 38,443 (La. App. 2 Cir. 05/12/04), 874 So.2d 391, writ denied, 04-1747 (La. 10/15/04), 883 So.2d 1057 ; Verret v. State Farm Mut. Auto. Ins. Co., 99-1250, 99-1251 (La. App. 3 Cir. 02/02/00), 759 So.2d 115, 123-124, writs denied, 00-0690 (La. 04/20/00), 761 So.2d 535, and 00-0673 (La. 04/20/00), 760 So.2d 1159 ; Danel v. Knek, 490 So.2d 282 (La. App. 3 Cir. 1986) ; Perrodin v. Zander, 441 So.2d 12, 17 (La. App. 3 Cir. 1983), writ denied, 444 So.2d 120 (La. 1984).
The record is void of any evidence or testimony[15] at the motion for new trial hearing to support appellants' assertions of ill practice as alleged in their motion for new trial. Arguments made by appellant's counsel as to facts not in evidence are not considered evidence.[16] Additionally, at the motion for new trial hearing, *1251 counsel for appellants admitted that he was not counsel for appellants in the instant proceeding.[17] Therefore, based on a review of the record, the trial court did not abuse its discretion denying appellants' motion for new trial.[18]
The procedure for obtaining a default judgment is set forth in La. C.C.P. arts. 1701 and 1702. If a defendant fails to answer within the time prescribed by law, a preliminary default judgment may be entered against him. La. C.C.P. art. 1701. A preliminary default judgment must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702 A. The default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven to be properly due. La. C.C.P. art. 1703.
A plaintiff seeking to confirm a default judgment must prove both the existence and the validity of his claim. Arias v. Stolthaven New Orleans, LLC, 08-1111 (La. 05/05/09), 9 So.3d 815, 820. Therefore, the plaintiff must offer competent evidence that convinces the court that it is probable that it would prevail at trial on the merits. Id. at 823 ; White Haute, LLC v. Mayo, 09-955 (La. App. 5 Cir. 03/23/10), 38 So.3d 944, 951. When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. La. C.C.P. art. 1702 B(1).
When reviewing default judgments, an appellate court is restricted to determining whether the record contains sufficient evidence to support a prima facie case. U.S. Bank Nat. Ass'n v. Custer, 09-802 (La. App. 5 Cir. 02/09/10), 33 So.3d 303, 305. On appeal, the appellant has the burden of overcoming the presumption that the judgment has been rendered upon sufficient evidence to establish a prima facie case and is legally correct. Id.; N & F Logistic, Inc. v. Cathay Inn Int'l, Inc., 14-835 (La. App 5 Cir. 04/15/15), 170 So.3d 275, 277.
Appellants have not asserted any ground or submitted any evidence to establish that the evidence supporting the confirmation of default judgment is insufficient to establish a prima facie case or that the judgment itself is invalid. Upon review, we find the record contains sufficient evidence to support a prima facie case, and appellants failed to provide any evidence to rebut the presumption that the judgment was rendered upon sufficient evidence and is legally correct. Accordingly, we find the trial court did not err in granting the motion to confirm default judgment.
Conclusion
For the reasons stated herein, appellants' peremptory exception of res judicata is overruled and the trial court's May 22, 2017 confirmation of default judgment and May 21, 2018 denial of appellants' motion for new trial are affirmed.
*1252 EXCEPTION OVERRULED; AFFIRMED

The original petition stated the property's municipal address was 131 Beverly Drive, Metairie, Louisiana. On May 3, 2012, appellee filed a "First Amended and Restated Petition for Executory Process and Appointment of Keeper" to reflect the correct municipal address of 129 Beverly Drive, Metairie, Louisiana.

The following documents were attached to the petition: (1) Secretary of State report showing that Clipper Construction did not have a registered agent for service of process; (2) the 2005 promissory note and subsequent modification agreements; (3) the 2008 promissory note and subsequent modification agreements; (4) the mortgage; (5) Borrower's certificate of authority attached to act of sale by which Borrower acquired the Beverly Property; (6) the "Sales and Notarial Assignments of Promissory Notes and Collateral" from FCB to Duhon; (7) the "Sales and Notarial Assignments of Promissory Notes and Collateral" from Duhon to appellee; and (8) the notice of default.

The second amended petition also alleged that the notes were secured by commercial guaranties executed by Tufaro individually. The commercial guaranties were attached to the second amended petition.

The second amended petition asserted that the total indebtedness due under the notes as of October 3, 2012 was $ 1,119,690.78 inclusive of principal, interest, costs, and attorney's fees. The Beverly Property was sold for $ 885,000 and $ 856,274.78 was remitted to appellee and subsequently applied to the indebtedness leaving a deficiency amount due of $ 263,416.00 as of October 3, 2012. Appellee contended that as of the date of the second amended petition, appellants owed appellee $ 425,373.64.

It is unclear from the record why the motion for preliminary default judgment was not signed until almost one year later from the date it was filed.

In support of appellee's motion for confirmation of default judgment, the following documents were attached: (1) the 2005 and 2008 notes; (2) the transfers of the notes from Duhon to appellee; (3) the commercial guaranties by Tufaro; (4) the sales and assignments of the notes and collateral; (5) the first amended and restated petition; (6) payoff affidavit; (7) amended writ of seizure and sale (8) judicial advertisement (9) process verbal of October 3, 2012 sale and the Sheriff's return of writ of seizure and sale as unsatisfied; (10) the return of service on appellants of the second amended petition for deficiency judgment; (11) the certificate from Clerk of Court stating that no answer, pleading, appearance was made in this proceeding; (12) the motion for preliminary default judgment filed February 24, 2016; (13) the February 14, 2017 judgment granting preliminary default judgment; (14) the affidavit of Duhon attesting to the allegations set forth in the petitions and to the amounts owed by appellants to appellee; and (15) the certificate of appellee's counsel describing the nature of the suit and the evidence introduced with the motion.

A hearing on appellants' motion was originally set on June 21, 2017. The trial court previously granted appellee's consent motion to continue and reset the hearing for August 2, 2017.

Appellants filed a "Petition to Annul Judgment" and a "First Amended and Restated Petition to Annul Judgment and for Enforcement of Settlement and Compromise Agreement." In response, appellee filed responsive pleadings. Appellants filed an unopposed motion to transfer the petition to annul and related pleadings to a new case number, to which the trial court denied stating "Denied Must be filed as a New Petition & allotted a New Case No. [sic]." A review of the record reveals that the petition to annul and related pleadings were filed as a separate proceeding in the Twenty-fourth Judicial District Court and are currently pending before the trial court in Division "L."

At the motion for new trial hearing, the following exhibits were introduced into evidence: (1) letter dated 2/24/16 and the green cards showing service on appellants; (2) email dated 9/1/18; (3) email dated 9/8/18; (4) 2012 Settlement Agreement. Despite the trial court allowing appellants to present witness testimony, appellants elected not to present testimony from Tufaro, who was present at the hearing.

An appellate court may consider a peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record. La. C.C.P. art. 2163. We will consider appellants' exception because the ground for the exception appears in the record, i.e. , the 2012 Settlement Agreement was admitted into evidence at the motion for new trial hearing.

The following exhibits were attached to appellants' exception of res judicata : (1) the "Schedule of Debts to Duhon and Affiliates" attached to the 2012 Settlement Agreement; (2) the "Act of Cash Sale" by Clipper Land Holdings, LLC to Clipper Wind Down, LLC; (3) the "Sale and Notarial Assignment of Promissory Notes, Mortgages and Other Collateral" by Mississippi River Bank to Clipper Noteholder, LLC; and (4) the "Petition for Executory Process" in case in St. Tammany Parish by Clipper Noteholder, LLC against Clipper Land Holdings, LLC. This Court can only consider a peremptory exception of res judicata , filed for the first time in this Court, "if proof of the ground of the exception appears of record ." La. C.C.P. art. 2163. (Emphasis added.) The "Schedule of Debts to Duhon and Affiliates" is the only exhibit admitted into evidence in the trial court at the motion for new trial hearing. Therefore, this Court cannot, and does not, consider the other exhibits attached to appellants' exception of res judicata .

Clipper Construction is only mentioned in the stipulation section of the agreement.

La. C.C. art. 1891 provides "Release of a real security given for performance of the obligation does not give rise to a presumption of remission of debt."

While the denial of a motion for new trial is generally a non-appealable interlocutory judgment, the court may consider interlocutory judgments as part of an unrestricted appeal from a final judgment. Occidental Props. v. Zufle, 14-494 (La. App. 5 Cir. 11/25/14), 165 So.3d 124, 130-131, FN 10, writ denied, 14-2685 (La. 04/10/15), 163 So.3d 809.

Despite their ability to present testimony from Tufaro, who was present at the motion for new trial hearing, appellants did not avail themselves of this opportunity.

An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Appellate briefs of the parties are not a part of the record on appeal, and this Court has no authority to consider facts referred to therein if those facts are not in the record. Additionally, examination of exhibits attached to an appellate brief, but not offered into evidence at the trial court, is beyond the scope of appellate review. Distefano v. B & P Constr., Inc., 04-25 (La. App. 5 Cir. 05/26/04), 874 So.2d 407, 411, writ denied, 04-1735 (La. 10/15/04), 883 So.2d 1058. Further, the Louisiana Supreme Court has held that evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Denoux v. Vessel Mgmt. Servs., 07-2143 (La. 05/21/08), 983 So.2d 84, 88.

At the motion for new trial hearing, counsel for appellants stated "Now, I'm not his lawyer. I never was his lawyer in this case to begin with ..."

A trial court's reasons for judgment are not controlling and do not constitute the judgment of the court. Dufresne v. Dufresne, 10-963 (La. App. 5 Cir. 05/10/11), 65 So.3d 749, 754. Appellate courts examine the result of the judgment rather than the reasons. Id. Here, the trial court did not specifically address appellants' allegations of ill practice as to the motion for new trial, noting that the petition to annul was currently pending in another division of the Twenty-fourth Judicial District Court.